IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN LYNAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 15–378–CG–C |
| | ) |
| BISHOP STATE COMMUNITY COLLEGE, and ALABAMA COMMUNITY COLLEGE SYSTEM, | ) ) ) ) |
| Defendants. | |

**ORDER**

This matter is before the Court on Defendants' motion for attorneys' fees (Doc. 66) and their motion to re-tax costs (Doc. 68). Plaintiff did not file any response, and the motions are ripe for resolution. After carefully considering the motions and the attendant evidence, the Court concludes that the motions are due to be **GRANTED in part**.

**I. Background**

Plaintiff filed a complaint against Defendants Bishop State Community College ("Bishop State") and Alabama Community College System ("ACCS"), asserting a claim for race discrimination under Title VII.[1] (Doc. 1). After the conclusion of discovery, Defendants "offered to forego their request for attorneys' fees and costs if Plaintiff would voluntarily dismiss the

---

[1] The Court dismissed Plaintiff's claim in Count I and the punitive damages demanded in Count II in its Order adopting the Magistrate Judge's Report and Recommendation. (*See* Docs. 16, 17).

action with prejudice within seven days." (Doc. 66-1, ¶ 3). Plaintiff did not respond to this offer and opted, instead, to file discovery sanctions against Defendants. *Id*. The Court denied his motion for sanctions. (Doc. 45).

Defendants filed a motion for summary judgment, which Plaintiff opposed. (*See* Docs. 46, 54). After due consideration, the Court granted Defendants' motion for summary judgment as to the sole discrimination claim on November 4, 2016 and entered judgment in their favor that day. (*See* Docs. 63, 64).

## II. Requested Relief

Defendants seek an award of fees and costs as follows:

Attorneys' Fees through October 31, 2016:   **$52,838.50**

Costs:

| | |
|---|---|
| Original Deposition of Plaintiff | $840.45 |
| Copy of Lyons Deposition and Exhibits | $256.95 |
| Copy of Thompson Deposition and Exhibits | $419.85 |
| Copy of Mitchell Deposition | $143.55 |
| Subtotal of Costs | **$1,660.80** |

(*See* Docs. 66-1, ¶ 4; 68-1, ¶ 2).

## III. Motion for Attorneys' Fees

### A. When an Award of Attorneys' Fees is Appropriate

"In any action proceeding under [Title VII], the court, in its discretion, may allow the prevailing party . . . a reasonably attorney's fee (including

2

expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e-5(k). Defendants seek an award pursuant to this provision. Although "attorney's fees are typically awarded to successful Title VII plaintiffs as a matter of course, prevailing defendants may receive attorney's fees only when the plaintiff's case is 'frivolous, unreasonable, or without foundation,' even though not brought in subjective bad faith." *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). To make this determination, the district court must examine "whether (1) the plaintiff established a *prima facie* case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial." *Bonner v. Mobile Energy Servs. Co., L.L.C.*, 246 F.3d 1303, 1304 (11th Cir. 2001) (citing *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). The Eleventh Circuit cautions, "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Sullivan*, 773 F.2d at 1189.

The Court addresses the second and third factors first, noting that Defendants "offered to forego their request for attorney's fees and costs if Plaintiff would voluntarily dismiss the action with prejudice within seven days. (*See* Doc. 66-1,¶ 3). Plaintiff failed to respond to the offer and "instead filed a motion for discovery sanctions," which was denied. *Id.* Defendants' attempt to settle the case, though ultimately unsuccessful, weighs against Plaintiff. Additionally, the Court awarded summary judgment to Defendants

on Plaintiff's single claim prior to a trial on the merits, which constitutes another factor weighing against Plaintiff. *See Young v. Int'l Paper Co.*, No. 10–179–CG–N, 2012 WL 37647, at *3 (S.D. Ala. Jan. 6, 2012).

Turning to the first *Sullivan* factor, the Court notes Plaintiff failed to set forth a *prima facie* case of his racial discrimination claim against both Defendants. Notably, the Court determined Plaintiff abandoned his claim against ACCS completely by failing to oppose Defendants' arguments or even mentioning ACCS. (*See* Doc. 63, p. 20). As to his claim against Bishop State, Plaintiff established he was a member of a protected class and that he suffered an adverse employment action; he failed, however, to present a "comparator" or a "replacement employee" in his case. *See id.* at pp. 22–23. In addition, Plaintiff failed to present any material evidence of racial animus or discriminatory intent. *Id.* at 25. Thus, the Court concluded Plaintiff failed to establish a *prima facie* case against Bishop State.

Accordingly, the three *Sullivan* factors weigh in favor of Defendants' recovery of reasonable attorney's fees, and no factors indicate a discount is appropriate or otherwise required. *Compare with Young*, 2012 WL 37647 at *3–4.

## B. Calculating Attorneys' Fees

The starting point for any calculation of attorneys' fees begins with the lodestar figure. As this Court has previously stated,

> Calculation of an appropriate fee under Section 2000e-5(k) begins with the search for a "lodestar," which is the

4

> product of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Cullens v. Georgia Department of Transportation*, 29 F.3d 1489, 1491–92 (11th Cir. 1994) (internal quotes omitted). The lodestar figure may in some cases then be adjusted up or down to arrive at an appropriate award. *Id.* "The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a strong presumption that the lodestar represents the 'reasonable' fee, . . . and have placed upon the fee applicant the burden of showing that such an adjustment is necessary to the determination of a reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). In making determinations as to lodestar and adjustment, the Court may look to the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), with the caveat that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 424 n. 9, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*Allen v. McClain EZ Pack of Ala., Inc.*, No. 03–490–WS–M, 2005 WL 1926636, at *1 (S.D. Ala. Aug. 8, 2005) (omitting footnote).

Defendants request attorney's fees as follows:

|  | Hours Expended | Hourly Rate | Total |
|---|---|---|---|
| Windy Bitzer | 84.7 | $195 | $16,516.50 |
| Christine Hart | 168 | $195 | $32,760 |
| Edward Rowe | 8.6 | $195 | $1,677 |
| Cindy McCarthy | 29 | $65 | $1,885 |
| **TOTAL** | 290.3 |  | **$52,838.50** |

(*See* Doc. 66-1, ¶¶ 4–5).

*1. Hours Reasonably Expended*

Defendants may recover reasonable attorney's fees incurred in connection with their successful Title VII claim against Plaintiff. Because Plaintiff alleged only a Title VII claim, the Court will consider all of the hours requested. In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). When awarding attorneys' fee, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of the courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Defendants' counsel states, "[i]n reaching this total we used our professional billing judgment to deduct hours we found to be unnecessarily duplicitous, including a second attorney's participation in the depositions, deposition preparation meetings, and telephone conferences." (*See* Doc. 66-1, ¶ 4). Defendants' fees include a number of hours attributable to the preparation, filing, and replies to various motions (e.g. a partial motion to dismiss, the successful motion for summary judgment), preparation for four depositions, and preparation of pretrial disclosures. *Id.* at ¶ 6.

Defendants' case was prosecuted by multiple attorneys, although only two attorneys work simultaneously on the case. (*See* Doc. 66-1, ¶ 5). "While

6

this practice can lead to unnecessary redundancies in the provision of services, the Court's review of the [declaration] indicates that . . . no unreasonable redundancy has occurred[.]" *Allen*, 2005 WL 1926636 at *3 (citing *Johnson v. University College*, 706 F.2d 1205, 1208 (11th Cir. 1983) (Title VII) ("An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation."). Considering both Ms. Bitzer and Ms. Hart "were appointed Deputy Attorney Generals to represent the Defendants in this matter," their billing time and arrangement complies with the *Johnson* standard. *Id.*; *see also* Doc. 66-1, ¶ 2.

Further, "[w]ork that may be appropriately performed by paralegals and billed to a client or a losing party includes 'factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence.'" *Id.* (citing *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n. 10 (1989)). The work described in defending this case includes many of these activities, and the Court finds Ms. McCarthy's time to be a reasonable request for paralegal fees. (*See* Doc. 66-1, ¶ 6) (describing tasks such as reviewing files and related documents, interviewing witnesses, and document production).

It is impossible, however, for the Court to analyze properly the entire $52,838.50 fee award claimed by Defendants, as Defendants submitted no

7

detailed billing statements or other documents which might guide the Court in determining whether the fees are reasonable or not. Rather, Defendants only reported raw hours for the three attorneys and one paralegal. Indeed, Defendants' counsel stated, "[t]he firm's billing statements are available for inspection and/or production upon request of the Court, if necessary, subject to appropriate protection and redaction for privileged and confidential information in the descriptions of the work performed." (Doc. 66-1, ¶ 6). With this request, Defendants neatly place the onus on the Court to request the evidence necessary to perform its statutorily-mandated reasonableness analysis, rather than supplementing the motion as soon as possible on its own initiative. Despite this limitation, the raw hours reported for defense counsels' work appear to be reasonable, based on the Court's experience, knowledge, and observation, for the amount of work involved in defending a federal civil rights action through discovery and summary judgment. Thus, after a review of the declaration submitted, and in light of Plaintiff's failure to file any response or objections, the Court allows for the recovery of a total of 290.3 hours of work in this action.

   *2. Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "The general rule is that the 'relevant market' for purposes of determining the reasonable

8

hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437. Thus, the prevailing market rate will be determined by that found in Mobile.

Defendants submitted a declaration from Ms. Windy Bitzer, who served as a Deputy Attorney General for Defendants. (*See* Doc. 66-1). Ms. Bitzer set forth the hourly rate and number of hours spent by the three attorneys and one paralegal in this matter. Each attorney works in the law firm Hand Arendall. Ms. Bitzer, a partner at the firm, has nineteen years of experience and has focused her "practice on employment matters and regularly counsel[s] and represent[s] educational institutions." *Id.* at ¶ 2. She charged $195 per hour for a total of 84.7 hours of work. *Id.* at ¶ 5. Ms. Hart, an associate in the law firm, has five years of experience, which includes a clerkship with the U.S. Court of Appeals for the Third Circuit. *Id.* She also charged $195 per hour and expended 168 hours on this matter. Her fellow associate, Mr. Rowe, stepped in to assist Ms. Hart during her maternity leave, and he billed at the same rate for 8.6 hours. Ms. McCarthy, a paralegal with twenty-four years of experience, spent 29 hours on this matter at a rate of $65 per hour. *Id.* According to Ms. Bitzer, "[her] rate and Ms. McCarthy's rates were substantially lower than our firm's regular and customary rates." *Id.*

This Court has previously determined an hourly rate of $250 in employment discrimination cases sets the cap in this district. *See Allen*, 2005

WL 1926636 at *4. In prior cases, the Court has awarded $150 per hour as a reasonable rate for an attorney with three years of experience. *See Adams v. Austal, U.S.A., L.L.C.*, No. 08–155–KD–N, 2010 WL 2496396, at *6 (S.D. Ala. June 16, 2010) (lowering the hourly rate for a third year associate from $200 per hour to $150 per hour). While Ms. Bitzer's rate reflects a reasonable hourly rate for this area, Ms. Hart's and Mr. Rowe's are well above the reasonable and appropriate rate for work for associates with four to five years of experience. Based on the Court's own experience in the market and a review of prior awards, Ms. Hart's and Mr. Rowe's rate will be reduced to $150 per hour. Ms. McCarthy's rate at $65 per hour, however, falls within the realm of reasonable rates for paralegal services. *Compare with Adams*, 2010 WL 2496396 at *6 (awarding $75 per hour for a paralegal's time).

### 3. Calculation of Lodestar

Multiplying the above-stated rates by the hours reasonably expended yields the following figures:

|  | Hours Expended | Hourly Rate | Total |
| --- | --- | --- | --- |
| Windy Bitzer | 84.7 | $195 | $16,516.50 |
| Christine Hart | 168 | $150 | $25,200 |
| Edward Rowe | 8.6 | $150 | $1,290 |
| Cindy McCarthy | 29 | $65 | $1,885 |
| **TOTAL** | 290.3 |  | **$44,891.50** |

The Court further finds Defendants' motion, coupled with Plaintiff's lack of response, does not present a rare or exceptional case as to warrant an adjustment of the lodestar figure. Accordingly, the undersigned finds Defendants' motion for attorneys' fees is due to be **GRANTED in part** and awards fees in the amount of **$44,891.50**.

### IV. Motion to Re-tax Costs

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985) (citing *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent other explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." *Id.* (citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." *Id.* (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. *Id.* (citations omitted).

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *see also Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]"). Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title;

(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs that exceed those permitted by § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).

The Court notes that in civil rights cases, and under particular fee statutes, reasonable out-of pocket expenses of the kind normally charged to clients by attorneys, but not recoverable as costs under 28 U.S.C. § 1920, may be included as part of the award for attorney's fees and expenses. *See Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("We hold that, with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988.").

Defendants seek to re-tax its court reporter and transcript costs incurred when they deposed Plaintiff and when they obtained copies of Ms. Lyons', Ms. Thompson's, and Ms. Mitchell's depositions. The Court finds these expenses were necessary for Defendants' use in the case, especially in preparing the motion for summary judgment, and, accordingly, Defendants' motion to re-tax costs is hereby **GRANTED**. Costs are re-taxed against Plaintiff in the total amount of **$1,660.80**.

**V. Conclusion**

For the reasons stated above, the Court finds Defendants are entitled to an award of attorneys' fees in the amount of $44,891.50 and costs in the amount of $1,660.80, for a total award of **$46,552.30**.

**DONE** and **ORDERED** this 5th day of April, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE